OLIVER *v.* MARTIN.

4-7923                                    195 S. W. 2d 338

Opinion delivered June 24, 1946.

*J. V. Spencer,* for appellant.

*T. O. Abbott,* for appellee.

SMITH, J.   In a written opinion the chancellor reviewed the testimony in this case, and stated that because of the irreconcilable conflicts, the truth might never be known. There are, however, certain facts established by the preponderance of the evidence which control the decision. These are as follows:

Lessie Oliver owned a lot in the city of El Dorado, which was certified to the state on December 18, 1944, on account of her failure to pay the general taxes due thereon. One Tom Greenwood obtained a deed from the State Land Commissioner, dated January 2, 1945, and on January 10, 1945, Greenwood conveyed this lot to W. J. Allen, and on the same day Allen conveyed the lot to Lessie Oliver for a cash consideration of $225. This purchase money was loaned to Lessie Oliver by Robert R. Martin, and as security therefor she gave Martin a warranty deed for the lot, dated January 10, 1945. It was agreed, but not recited in the deed, that this loan should be repaid as follows: $25 on February 1, 1945, and $15 on the first of each month thereafter until the debt was paid.

Lessie admitted signing the deed, but testified that she thought she was signing an agreement for Martin to straighten up the title. The chancellor did not credit that

testimony, nor do we. Allen, her grantor, testified that she proposed to pay him $225 for the deed, and that he executed the deed to her for that consideration, which was paid to him by Martin, whose testimony is to the same effect. The notary public who took the acknowledgment testified that he explained to Lessie, when he took her acknowledgment, that she was deeding away her property, which she was apparently doing, but she, no doubt, knew that the instrument she was signing, while in the form of a deed, was in fact a mortgage.

Payments were not made as agreed, and Martin brought this suit to foreclose the deed as a mortgage, which had been filed for record at 2:32 p.m., January 11, 1945, the day after its execution.

The complaint alleged that at the time of its filing there was of record a warranty deed from Lessie Oliver to Mary Almstedt, dated January 10, 1945, acknowledged before O. T. Brewster, a notary public, on January 11, 1945, and filed for record January 11, 1945, at 11:46 a.m. The complaint further alleged that this deed was a part of a scheme to defraud plaintiff and that Miss Almstedt paid nothing for her deed, and was not an innocent purchaser.

Miss Almstedt, who had been made a party defendant, filed an answer in which she alleged that the deed to her was executed pursuant to a prior agreement to buy the lot for the consideration of $200, part of which had been previously paid, and was completed by a payment of $50 made on January 10, 1945, and that she had no knowledge of the deed to Martin when she bought the land.

There is much conflicting testimony, which we will not review, but there was one circumstance which controlled the chancellor's decision, and which also controls our own. Miss Almstedt introduced the deed to herself, and asked and obtained permission to substitute a typewritten copy therefor, and the original of this deed is not in the record, and has not been presented for our inspection. We have before us a photostatic copy of the deed

from Lessie Oliver to Martin, and photostatic copies of certain writings bearing Lessie Oliver's genuine signature. The original of all of these writings were before the chancellor, and were inspected by him, and in his opinion he made the following comment upon them:

"In the first place, the signature on this deed dated the 10th day of January, 1945, signed by Lessie Oliver to Mary Almstedt, and acknowledged before O. T. Brewster, notary public, on the 11th day of January, 1945, is not the signature of Lessie Oliver. If it is, then she did not sign the other deed. One of these deeds is an absolute forgery, in my opinion. I think anyone who ever saw her handwriting will acknowledge that the signatures on the two deeds is different handwriting, and it is not even the same name. There is no question in my mind, looking at the two deeds, both dated January 10, 1945, one acknowledged before O. G. Smith and signed Lessie Oliver, that is the deed the Rev. Allen testified he saw her sign in the presence of O. G. Smith, and Smith testified he saw her sign it and took her acknowledgment. If Allen testified to the truth, and if Smith testified to the truth, and she really signed the deed, it is my opinion that she did not sign and acknowledge this other deed to the lot before Brewster. If Lessie Oliver's testimony is true that she wrote these receipts, then she executed the deed to Mr. Martin. I have looked at all these signatures and it is my opinion that one of them is not hers, therefore one of these deeds is a forgery. She testified she wrote these receipts (for certain payments which Miss Almstedt testified she had made to Lessie Oliver) and signed them, and they are in the same handwriting, the same signature as is on her deed to Martin, and if she signed the receipts and the deed to Martin, then she did not sign the deed to Miss Almstedt. Whoever signed her name to that deed spelled it *Leslie,* and whoever wrote the deed wrote it *Leslie.* Lessie Oliver testified that Brewster wrote the deed in her presence and took her acknowledgment to it. A twelve-year-old school boy would know it is not the same. I asked Lessie Oliver the second time to look at this deed to see if she knew what she was talking

about. I do not see how it can be possible that both of these deeds can be correct. I think Miss Almstedt has paid her money out, and I think it is Lessie Oliver's name on the receipts. The undisputed evidence shows, and I have no reason to doubt it, that she purchased this property back in 1944, and that she was very negligent for two years. She was charged with the knowledge, or with the finding out what the records showed. The truth is the title was in the State of Arkansas."

If this definite finding of fact is not contrary to the preponderance of the evidence, the chancellor was correct in ordering, as he did order, the foreclosure of the mortgage from Lessie Oliver to Martin, as a lien prior to the claim of Miss Almstedt. This is a question of fact which we are unable to decide, for the reason that the testimony upon which the chancellor made his finding was before him, but is not before us. The rule has been many times stated that where material evidence is omitted from the record, the presumption will be indulged that the omitted evidence would support the judgment or decree. That rule must be applied here, and the decree is, therefore, affirmed.